DOCKET & FILE

UNITED STATES DISTRICT COURT FOR
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------
ELAINE L. CHAO, Secretary of Labor, :
United States Department of Labor,
: Civil Action
                Plaintiff,
v. : File No. 08-CV-5189-KAM
Glen Oak Enterprises, d/b/a Hand Car Wash 2000
Phenomena Wash, LTD d/b/a Savvy Car Wash :
and Arthur Stein, Individually,
:
                Defendants. :
------------------------------------------------------------

CONSENT JUDGMENT

Plaintiff, the Secretary, has filed her Complaint and defendants Glen Oak Enterprises d/b/a Hand Car Wash 2000 and Phenomena Wash LTD d/b/a Savvy Car Wash and Arthur Stein have appeared by Counsel, and an agreement was reached by all the parties to resolve all the issues raised in this action. Defendants acknowledge their responsibilities pursuant to this agreement, and acknowledge that they will be subject to sanctions in contempt of this Court if they fail to comply with the provisions of this Judgment. Defendants, without admitting or denying the allegation of the complaint consent to the entry of this judgment, and it is therefore, upon motion of the attorneys for plaintiff and for cause shown, ORDERED that:

I. Glen Oak Enterprises d/b/a Hand Car Wash 2000 and Phenomena Wash LTD d/b/a Savvy Car Wash and Arthur Stein and their officers, employees, agents, and all persons acting or claiming to act in the defendants' behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of sections 6, 7, 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, (29 U.S.C. Section 201 et seq.), (the Act), in any of the following manners:

(1)  Defendants shall not, contrary to Section 6 of the Act, pay to any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at rates less than those which are now, or which in the future may become, applicable under Section 6 of the Act.

(2)  Defendants shall pay employees at time and one-half their regular hourly rates for all hours worked over 40 per week, and shall not, contrary to Section 7 of the Act, employ any of their employees in any workweek for workweeks longer than the hours now, or which in the future become, applicable under Sections 7 and 15(a)(2) of the Act, unless the employee receives compensation in compliance with the Act.

(3)  Defendants shall make, keep, and preserve accurate and complete records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the Regulations issued pursuant to Section 11(c) of the Act and found at 29 CFR Part 516.

(4)  Defendants shall not discharge or take any retaliatory action against any employee because the employee engages in any of the following activities:

    a.  Discloses, or threatens to disclose, to a supervisor or to a public agency, any activity, policy or practice of the employer or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the Act, or a rule or regulation promulgated pursuant to the Act;

    b.  Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the Act, or a rule or

regulation promulgated pursuant to the Act, by the employer or another employer with whom there is a business relationship;

c. Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the Act, or a rule or regulation promulgated pursuant to the Act;

II. ORDERED that the defendants shall pay a Fair Labor Standards Civil Money Penalty of $8,134.50 and it is

III. FURTHER ORDERED that the defendants, are enjoined and restrained from withholding the payment of overtime compensation due their employees listed in Exhibit A, and the Fair Labor Standards Civil Money Penalties in the total aggregate amount of $226,633.99. Defendants shall pay $218,499.49 in previously unpaid overtime compensation due to their employees in the amounts listed opposite their names on Exhibit A plus post judgment interest computed at 3% in the amount of $1,486.19 for a total of $219,985.68. Payment of the overtime compensation shall be made in 10 monthly installments in accord with the following schedule:

| DATE DUE | AMOUNT DUE |
|---|---|
| November 10, 2008 | $100,000.00 |
| December 10, 2008 | $ 13,331.74 |
| January 10, 2009 | $ 13,331.74 |
| February 10, 2009 | $ 13,331.74 |
| March 10, 2009 | $ 13,331.74 |
| April 10, 2009 | $ 13,331.74 |
| May 10, 2009 | $ 13,331.74 |
| June 10, 2009 | $ 13,331.74 |
| July 10, 2009 | $ 13,331.74 |
| August 10, 2009 | $ 13,331.76 |
| **Total Payments** | **$219,985.68** |

IV. The provisions of this order relative to back wage payments shall be

deemed satisfied when defendants deliver separate certified checks or bank checks or money orders each bearing the reference number: Case ID #s 1423469, 1423470 in the amount of each installment shown above, made payable to the order of **"Wage and Hour–Labor"**, to plaintiffs representative

> U.S. Department of Labor, Wage and Hour Division
> The Curtis Center, Suite 850 West
> 170 South Independence Mall West
> Philadelphia, PA 19106-3317
> Attn Deborah Savage

V. The Secretary shall distribute the defendants' payment to the employees and former employees, or to their estates, in accord with Exhibit A.

VI. The Fair Labor Standards Civil Money Penalties shall be paid in a separate certified check of *$8,134.50*, which shall be paid on or before **November 10, 2008** by sending a certified check made out to "**U.S. Department of Labor**" in the full amount to:

> U.S. Department of Labor, Wage and Hour Division
> The Curtis Center, Suite 850 West
> 170 South Independence Mall West
> Philadelphia, PA 19106-3317
> Attn: Rita Gahagan

The certified check or money order shall bear the following reference numbers: Case ID #'s 1423469 and 1423470.

VII. IT IS ALSO ORDERED that defendants shall send a copy of the certified check and cover letter when due as set forth in Exhibit A to:

> ADD Maria Rosado
> U.S. Department of Labor, Wage and Hour Division
> 625 Fulton Street 7th Floor
> Brooklyn, New York 11201.

simultaneously with the payment to the Regional Office.

VIII. Defendants shall provide to plaintiff the social security number and last known address of each employee or former employee listed in Exhibit A of this Judgment. Any sums not distributed to the employees or former employees named in Exhibit A, or to their personal representatives because of inability to locate the proper persons or because of such persons' refusal to accept such sums, shall be deposited with the Clerk of this Court who shall deposit such money with the Treasurer of the United States pursuant to 28 U.S.C. 2041 and 2042;

IX. ORDERED that neither defendants nor anyone on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid under this Judgment; and it is further.

X. ORDERED that if the defendants fail to make any of the installment payments as set forth above, then the Court shall appoint John Braslow, Esq. as a Receiver. If John Braslow, Esq. is unavailable or declines to act as a Receiver, the plaintiff shall provide the Court with the names of potential Receivers. The Court may appoint a Receiver from those offered by the Secretary or may appoint another Receiver at its discretion. In the event a Receiver is appointed, it is further

XI. ORDERED that defendants shall produce to the Court appointed Receiver all books and records and any other information the Receiver requires to carry out the provisions of this Judgment. In addition, the defendants shall submit to a sworn accounting by an independent certified public accountant and/or the Receiver, and shall testify, if the accountant or Receiver so decides; and it is further

XII. ORDERED that all the expenses of the accountant or Receiver shall be borne solely by defendants; and it is further

5

XIII. ORDERED that if the Court appoints a Receiver, the Receiver shall serve until the payment of the monetary terms of this Judgment are satisfied; and it is further

XIV. ORDERED that the Receiver shall have full authority to: collect the Defendants' assets and report his/her findings to the Court and the parties; to redeem and/or liquidate the defendants' assets and turn over the proceeds to the Secretary; if the asset is a debt that is due, collect it and turn over the proceeds to the Secretary; to analyze all indebtedness and where deemed appropriate seek restructuring; to analyze all transfers of the defendants' assets; to prevent waste or fraud; and to do all acts and take all measures necessary or proper for the efficient performance of the duties under this Judgment and Order; and it is further

XI. ORDERED that the defendants shall advise all their employees in Spanish and English of the employees' rights under the Fair Labor Standards Act, including the payment of minimum and overtime wages and the rights of employees to engage in activity protected by the Act without fear of retaliation. This advice to employees shall take place within 30 days of the entry of this Judgment on a workday;

XII. ORDERED that defendants shall place posters provided by the Wage and Hour Division with information about the FLSA where employees may view them;

XIII. ORDERED that neither the commencement of this action nor the provisions of this Consent Judgment shall in any way affect, determine, or prejudice any and all legal rights of any employees or former employees of defendants not listed in Exhibit A to file any action against defendants under Section 16(b) of the Act, or likewise for any current or former employee listed in Exhibit A to file any action against defendants under Section 16(b) of the Act for any violations alleged to have occurred after March 31, 2008;

XIV. ORDERED that each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

SO ORDERED:

HONORABLE **KIYO A. MATSUMOTO**
UNITED STATES DISTRICT JUDGE

DATED: Jan. 8th, 2009
Brooklyn, New York

Defendants have appeared by counsel, and consent to the entry of this Judgment.

CORP.
SEAL              Glen Oak Enterprises, LLC.

CORP.
SEAL.             Phenomena Wash, LTD

By: _____
Arthur Stein,
Individually and as President

_____
Attorney for Defendant Stein

7

RESOLVED, that the corporation, Glen Oak Enterprises, LLC. hereby ratifies and confirms the offer made to ELAINE L. CHAO, Secretary of Labor, with respect to the alleged violations of the Fair Labor Standards Act of 1938, as amended, and that the corporation consents to the entry of this Judgment against it to be entered in an action which has been filed by the Secretary of Labor against the corporation. The officers of the corporation are authorized to do and perform all acts and things necessary to effectuate the provisions of said Judgment and any or all stipulations, amendments and changes therein.

CORP.
SEAL

BY: _____
      Arthur Stein
      Authorized corporate officer

STATE OF NEW YORK          )
                                            ss:
COUNTY OF  Nassau          )

On the __18__ day of __November__ 2008 before me personally appeared Arthur Stein, to me known and known to me to be the individual described in and who executed the foregoing instrument and he duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

> Avi Mordekovich
> Notary Public, State of New York
> Registration #01M06041142
> Qualified in Nassau County
> My Commission Expires May 1, 2010

9

RESOLVED, that the corporation, Phenomena Wash, LTD., hereby ratifies and confirms the offer made to ELAINE L. CHAO, Secretary of Labor, with respect to the alleged violations of the Fair Labor Standards Act of 1938, as amended, and that the corporation consents to the entry of this Judgment against it to be entered in an action which has been filed by the Secretary of Labor against the corporation. The officers of the corporation are authorized to do and perform all acts and things necessary to effectuate the provisions of said Judgment and any or all stipulations, amendments and changes therein.

CORP.
SEAL      Phenomena Wash, LTD.

BY: _____
Arthur Stein
Authorized corporate officer

STATE OF NEW YORK        )
                         ss:
COUNTY OF  Nassau        )

On the __18__ day of __NOVEMBER__ 2008 before me personally appeared Arthur Stein, to me known and known to me to be the individual described in and who executed the foregoing instrument and he duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC
M. Mordekovich
Notary Public, State of New York
Registration #01MO6041142
Qualified in Nassau County
My Commission Expires May 1, 2010

Glen Oak Enterprises
Phenomena Car Wash

## EXHIBIT A

| First Name | MI | Last Name | BWs Due | Violation Begin | Violation End |
|---|---|---|---|---|---|
| OSEYE | | AMADOU | | | |
| QUIZA | | ANGEL -SAMUEL F. | $ 6,703.07 | 06/05/2005 | 11/08/2007 |
| VINETTA | | BHOLA | $ 2,334.80 | 06/01/2005 | 03/19/2006 |
| JAMES | | BISHOP | $ 7,297.26 | 06/01/2005 | 11/08/2007 |
| HO JOON | | CHAI | | | |
| ANA-MARIA | | CHERECHES | $ 4,325.30 | 05/15/2006 | 11/08/2007 |
| IDRISSA | | DIAGNE | $ 6,692.73 | 06/01/2005 | 11/08/2007 |
| BAKARY | | DIAWARA | $ 4,348.82 | 04/03/2006 | 11/08/2007 |
| JOHN | C | DIXON | $ 1,712.64 | 06/01/2005 | 02/01/2006 |
| AMADOU | | DOUCOURE | $ 1,421.60 | 04/16/2007 | 11/08/2007 |
| JAH | | EBRIMA | $ 5,718.57 | 06/01/2005 | 11/08/2007 |
| JORGE-NELSON | | ESCOBAR-PALACIOS | $ 2,934.46 | 06/01/2005 | 05/28/2006 |
| JESUS | | EVANGELISTA | $ 7,454.74 | 06/01/2005 | 11/08/2007 |
| MOR | | FALL | $ 6,493.18 | 06/01/2005 | 11/08/2007 |
| RAFAEL | | GAMBOA | $ 3,693.88 | 06/01/2005 | 08/30/2006 |
| ABDULAY/ZAMBA | | GASSAMA | | | |
| CONSTANTIN | | GLOSANU | | | |
| ROMILDO | | GOMEZ | | | |
| FELICIANO | | JARA | | | |
| MUHAMMAD | | KHAN | | | |
| JAWO | M | LAMINE | | | |
| CARLITO | | MALDONADO | | | |
| JOSE | | MARTINEZ | $ 1,802.04 | 01/01/2006 | 08/15/2006 |
| MODOU | | MBENGUE | | | |
| CARLOS | M | MELGAR | $ 536.28 | 09/01/2007 | 11/08/2007 |
| JOSE | P | MELGAR | $ 6,630.95 | 06/01/2005 | 11/08/2007 |
| RUFINO | L | MELGAR | $ 1,971.78 | 06/01/2005 | 02/26/2006 |
| ANTONIO | | MORALES | $ 2,441.95 | 01/01/2006 | 10/01/2006 |
| ERIC | | MORALES | | | |
| GLEN | A | MORRIS | $ 963.75 | 06/01/2005 | 11/01/2005 |
| GASTON | | MOSQUERA | $ 6,291.29 | 06/01/2005 | 11/08/2007 |
| CAMARA/DJIBRIL | | N'GARUKO | | | |
| ASSANE | | NIANG | $ 4,022.32 | 06/01/2005 | 02/05/2007 |
| SELCUK | | OZBEK | | | |
| JORGE- NELSON | E | PALACIOS | | | |
| BOLIVAR | | PELAEZ | $ 882.75 | 09/01/2005 | 11/27/2005 |
| JESUS | C | ROMERO | $ 6,543.49 | 06/01/2005 | 11/08/2007 |
| MOHAMMAD | | TAYAB | $ 7,301.74 | 06/01/2005 | 11/08/2007 |
| MODI | | TUNKARA | $ 1,158.51 | 02/27/2006 | 09/04/2006 |
| RICARDO | | VALENCIA | $ 1,760.03 | 06/01/2006 | 12/31/2006 |
| ROBER-DEMETRIOV | | VIZCARRA | $ 5,091.71 | 01/01/2006 | 11/08/2007 |
| DENISE | | ZAMBRANO | $ 2,661.99 | 06/01/2005 | 11/08/2007 |
| WILLIAM | | ZAPATA | $ 1,364.75 | 06/01/2005 | 12/31/2005 |

| First Name | MI | Last Name | BWs Due | Violation Begin | Violation End |
|---|---|---|---|---|---|
| DAVID | | ADAS | | | |
| MONZUR | | AHMED | | | |
| SIDIBE | | ALHASSANA | $ 577.94 | 05/14/2007 | 08/01/2007 |
| ANTONIO | | AMEAILO | $ 2,934.38 | 06/01/2005 | 06/13/2006 |
| MIRCEA | | BALAJ | | | |
| JOSE | G | BARRAZA | $ 4,155.32 | 06/01/2005 | 11/08/2007 |
| MANUEL | | BELTRAN | | | |
| DOUGLAS | M | BOUNDS III | | | |
| MAKAN | | CAMARA | | | |
| JOSE | R | CHAVEZ | $ 7,239.88 | 06/01/2005 | 11/08/2007 |
| PERCY | | DELGADO | $ 7,829.38 | 06/01/2005 | 11/08/2007 |
| GASSAMA | | DIABY | $ 1,565.92 | 04/01/2006 | 10/05/2006 |
| FLAVIANO | | DIAZ | $ 7,263.91 | 06/01/2005 | 11/08/2007 |
| BADARA | | DIOP | | | |
| KAMLAPATIE | | DOOKHIE | $ 2,954.11 | 05/01/2006 | 07/09/2007 |
| JAKIE | | FORTANEZ | | | |
| MARVIN | B | FUENTES | $ 5,281.82 | 09/19/2005 | 11/08/2007 |
| CARLOS | | GAMAS | $ 1,698.22 | 07/01/2007 | 11/08/2007 |
| ANTONIO -MARTIN | | GONZALEZ | $ 1,373.26 | 04/01/2006 | 10/01/2006 |
| JUAN | | GONZALEZ | | | |
| MARTIN | | GONZALEZ | | | |
| GOKNIL | | GUL | | | |
| JORGE | G | HERNANDEZ | $ 649.45 | 06/01/2005 | 03/01/2006 |
| JUAN | C | HERNANDEZ | $ 3,068.19 | 06/01/2005 | 10/05/2006 |
| WALTER | R | HERNANDEZ | | | |
| MOUSTAPHA | | IBRAHAM | $ 3,897.85 | 06/01/2005 | 02/01/2007 |
| JOSE LUIS | | ITUBIDE | $ 5,174.50 | 11/08/2005 | 11/08/2007 |
| EDUARDO | | ITURBIDE | $ 6,779.55 | 11/01/2005 | 11/08/2007 |
| EBRIMA | | JAH | $ 3,422.02 | 09/19/2005 | 10/01/2006 |
| JOSE | | MARTINEZ | | | |
| OSCAR | | MEJA | $ 564.08 | 09/18/2007 | 11/08/2007 |
| JOSE | J | MEJIA | $ 5,609.79 | 09/25/2005 | 11/08/2007 |
| OSCAR | | MEJIA | | | |
| JOSE | J | MELGAR | | | |
| ANTONIO | | MENDEZ | $ 7,829.74 | 06/01/2005 | 11/08/2007 |
| ESTEBAN | | MENDEZ | $ 7,829.74 | 06/01/2005 | 11/08/2007 |
| DAVID | A | MERLOS | $ 6,284.47 | 06/01/2005 | 11/08/2007 |
| DIAWARA | | MOUSSA | | | |
| BOLIVAR | | PELAEZ | | | |
| JOSE | | RAMOS | | | |
| ANTONIO | | REYES | | | |
| EDUARDO | | REYES | $ 3,846.52 | 06/01/2004 | 10/05/2006 |
| ISRAEL | V | RIVERA | | | |
| ANTHONY | | ROSAS | $ 1,438.50 | 06/01/2005 | 12/31/2005 |
| FRANCESCO | | SOTO | $ 1,340.25 | 01/01/2005 | 12/31/2005 |
| JUAN -MANUEL | | SOTO | | | |
| JUAN-MANUEL | M | SOTO | $ 2,277.17 | 06/01/2005 | 12/31/2006 |
| KRISTINA | | SZABO-DERY | $ 1,341.94 | 06/01/2005 | 10/05/2006 |
| MOHAMAD | A | TAYAB | $ 1,484.25 | 06/01/2005 | 12/31/2005 |
| MODI | | TUNKABAR | | | |
| ALEX | | UNKNOWN | | | |

| | | | | | |
|---|---|---|---|---|---|
| ERESMO | | UNKNOWN | | | |
| ESTEFAN | | UNKNOWN | | | |
| LALO | | UNKNOWN | | | |
| MARVIN | | UNKNOWN | | | |
| NABOR | | UNKNOWN | | | |
| RAOUL | | UNKNOWN | | | |
| ROBERT | | UNKNOWN | | | |
| RUBEN | | UNKNOWN | | | |
| SIMON | | UNKNOWN | | | |
| VINCENTE | U | URSINO | | | |
| EMMA | | VIZCARRA | | | |
| MEHMET | E | VURGUN | | | |
| RODICA | M | ZAMFIR | $ 230.96 | 07/09/2007 | 11/08/2007 |